UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALDO MEZA-GUZMAN,<br><br>Petitioner,<br><br>v.<br><br>ICE FIELD OFFICE DIRECTOR, et al.,<br><br>Respondents. | CASE NO. C26-2665JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is *pro se* Petitioner Ronaldo Meza-Guzman's second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (2d Pet. (Dkt. # 1).) The Government[1] opposes the petition. (Return (Dkt. # 6).) Petitioner did not file a traverse.

[1] The Federal Respondent is ICE Field Office Director (referenced herein as the "Government"). (2d Pet. at 1.)

(*See generally* Dkt.)[2] The court has considered the petition, the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the petition.

## II. BACKGROUND

Petitioner is a native and citizen of Mexico presently detained at the Northwest ICE Processing Center ("NWIPC"). (2d Pet. at 1; Reed Decl. (Dkt. # 7) ¶ 4.) He entered the United States at an unknown place and on an unknown date without being inspected, admitted, or paroled. (Reed Decl. ¶ 4.) In October 2018, the Miami-Dade County Sheriff's Office in Miami, Florida, arrested Petitioner for possession of cocaine and marijuana. (*Id.* ¶ 5.) The Miami Dade Circuit Court convicted Petitioner of these charges on March 12, 2019. (*Id.*) On October 24, 2025, a deputized immigration officer encountered Petitioner at the Naples Jail Center following his arrest and guilty plea for an out-of-county warrant. (*Id.* ¶ 7.) According to the Government, the officer subsequently placed an immigration detainer on him. (*See id.* ¶ 6-7 (stating that "[n]o sentencing information is available to ICE at this time.").) Subsequently, the Government served Petitioner with a Notice to Appear ("NTA") and transferred him to federal custody. (*Id.* ¶ 7; *see also* Collins Decl. (Dkt. # 8) ¶ 2, Ex. B (NTA).) On December 23, 2025, the

[2] On August 20, 2026, the court received a letter from Petitioner expressing concern about his ability to comply with the court-ordered briefing schedule and stating that, as of August 17, 2026, he had not yet received the Government's response. (8/20/26 Ltr. (Dkt. # 10).) While the court acknowledges Petitioner's concerns and notes the resulting absence of a traverse, the lack of an additional briefing window does not impact the resolution of this matter. Because Petitioner's claims fail as a matter of law, a traverse would not alter the court's ultimate disposition of the case.

Government transferred Petitioner to the NWIPC, where he has since remained. (Reed Decl. ¶ 8.)

The present petition represents the second application for a writ of habeas corpus filed by Petitioner in this District. *See Meza-Guzman v. Ice Field Office Director, et al.*, No. C26-1361TMC, 2026 WL 1827535, at *1 (W.D. Wash. June 25, 2026). On June 25, 2026, the honorable Judge Tiffany M. Cartwright determined Petitioner was a member of the Bond Denial Class, which includes the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Id*. (citing *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025)). Accordingly, Judge Cartwright granted Petitioner's initial habeas petition and ordered the Government to provide him a bond hearing within 14 days of the court's order. *Id*. at *2. On June 30, 2026, Petitioner requested a bond hearing. (Collins Decl. (Dkt. # 9) (sealed), Ex. D (Bond Mot.).) On July 7, 2026, the Tacoma Immigration Court denied Petitioner's bond redetermination request, finding that the court had no jurisdiction and that, due to his prior conviction, Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c). (Reed Decl. ¶ 12; *see also* Collins Decl., Ex. H (July 7, 2026 Bond Denial) (sealed).)

Petitioner subsequently filed the present petition asserting that he is in custody in violation of the laws of the United States and again requesting that the court order his release pending all finality of the underlying removal proceedings or an additional bond

hearing. (2d Pet. at 2.) The petition is now fully briefed and ripe for the court's consideration.

## III. ANALYSIS

Habeas petitioners must prove by a preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

### A. Petitioner is Subject to Mandatory Detention Pursuant to 8 U.S.C. § 1226(c).

Section 1226(c) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a)." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis in original). Under Section 1226(c), the "Attorney General shall take into custody any [noncitizen] who falls into one of several enumerated categories involving criminal offenses and terrorist activities." *Id.* (quoting 8 U.S.C. § 1226(c)(1)) (internal quotation marks omitted). Under Section 1226(c), those who have committed certain offenses are subject to mandatory detention. *See* 8 U.S.C. § 1226(c). For example, Section 1226(c) requires detention of a noncitizen who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of" specified criminal offenses. *See id.* § 1226(c)(1)(E); *see also Avilez v. Garland*, 69 F.4th 525, 530 (9th Cir. 2023) (so holding). Specifically, a noncitizen convicted of a controlled substance violation—other than a single offense for possessing 30 grams or less of marijuana for personal use—is subject to mandatory detention. 8 U.S.C. § 1226(c)(1)(B) (referencing 8 U.S.C. § 1227 (a)(2)(B)(i)).

Accordingly, because the Miami Dade Circuit Court convicted Petitioner of a controlled substance violation for cocaine, the court agrees with the Government that Section 1226(c) mandates Petitioner's detention until his removal proceedings have concluded.

## IV. CONCLUSION

For the reasons provided above, the court DENIES Petitioner's second petition for a writ of habeas corpus (Dkt. # 1).

Dated this 16th day of September, 2026.

JAMES L. ROBART
United States District Judge